**ALLAIN et al.**

v.

**NATIONAL R. ADJUSTMENT BOARD, THIRD DIVISION et al.**

**Civ. No. 51 C 238.**

United States District Court,
N. D. Illinois, E. D.

May 6, 1953.

7. See 26 U.S.C.A. §§ 3116, 3253.

Jacob N. Gross, Chicago, Ill., for plaintiff.

Andrew C. Scott, Chicago, Ill., for defendants Western Pac. R. Co. and Car-

rier Members of National Railroad Adjustment Board, Third Division.

Burke Williamson, Adams, Williamson & Turney, Chicago, Ill., for defendants Brotherhood of Railroad Trainmen and Labor Members of National R. Adjustment Board, Third Division.

BARNES, Chief Judge.

This cause coming on to be heard on plaintiffs' motion for permanent injunction, and evidence having been taken and heard on January 5, 6 and 7, 1953, and counsel having submitted briefs and having argued orally to the Court on April 20, 1953 in this cause, and thereupon the Court, upon careful consideration of the pleadings, the evidence, the briefs and arguments of counsel, doth find the facts and Doth Order, Adjudge and Decree as Follows:

Findings of Fact.

1. Plaintiffs Frank Allain, Louis Hill, Barney Osborne and Charles Woods are citizens, residents and inhabitants of the State of California; plaintiff Richard W. Smith is a citizen, resident and inhabitant of the State of Illinois. Plaintiffs Allain, Hill, Osborne and Woods are employees of the defendant Western Pacific Railroad Company employed as "lounge or tavern car attendants." Plaintiff Richard W. Smith is the duly elected Secretary-Treasurer of the Joint Council Dining Car Employees, a voluntary unincorporated association composed of fifteen local trade unions whose members are employed in the dining car service of various railroads operating throughout the United States. One of such local trade unions is Dining Car Cooks and Waiters' Union, Local No. 456, which has its principal office and place of business at Oakland, California, and of which local trade union plaintiffs Allain, Hill, Osborne and Woods are members.

2. Prior to and after February 2, 1951, there were and are many persons who are similarly employed as "lounge or tavern car attendants," waiters-in-charge and waiters by said defendant Western Pacific Railroad Company in its dining car service, said class numbering more than forty persons. Plaintiffs Allain, Hill, Osborne and Woods belong to and are members of said class. The questions of law and fact to be determined herein are of common and general interest to the persons constituting such class and, particularly, any order entered herein will affect the job status of all members of said class. Plaintiffs Allain, Hill, Osborne and Woods are persons whose character in relation to said class render them fairly representative of said class, which class is so numerous as to make it impracticable to bring them all before the Court.

3. Defendants William H. Castle, R. H. Butler, Claude R. Barnes, C. P. Dugan, J. W. Whitehouse, E. T. Horsley, J. E. Kemp, G. Orndorff, R. Sarchet and J. H. Sylvester and Edward F. Carter as referee in Award 5123 are duly designated members of the Third Division, National Railroad Adjustment Board, and said Third Division, National Railroad Adjustment Board has its principal office and place of business in Chicago, Illinois. Defendant A. I. Tummon is the duly appointed Acting Secretary of Third Division, National Railroad Adjustment Board, and is a citizen, resident and inhabitant of the State of Illinois.

4. Defendant Western Pacific Railroad Company is a corporation organized and existing pursuant to the laws of the State of California having its principal office and place of business in San Francisco, California.

5. The Brotherhood of Railroad Trainmen is a voluntary unincorporated association and labor union having its principal office and place of business in Cleveland, Ohio. Frank W. Coyle, a duly elected Vice-President of said Brotherhood of Railroad Trainmen, maintained his office and place of business in the City of Chicago, State of Illinois. The Dining Car Stewards employed by defendant Western Pacific Railroad Company are represented for the purposes of collective bargaining by Brotherhood of Railroad Trainmen. The members of the Brotherhood of Railroad Trainmen constitute a class numbering approximately

200,000 and are, therefore, so numerous as to make it impracticable to bring them all before the Court. Said Frank W. Coyle was served with summons herein as Vice-President of the Brotherhood of Railroad Trainmen as certified collective bargaining representatives of the Dining Car Stewards employed by the defendant Western Pacific Railroad Company. Though said Frank W. Coyle has died since service of summons on him herein, he was a person whose character in relation to said Brotherhood of Railroad Trainmen was such that it could be reasonably expected that he would give notice of this suit to said Brotherhood. He was such a member of said class as would fairly assure the adequate representation of all persons either represented by said Brotherhood of Railroad Trainmen or members thereof, including Dining Car Stewards employed by the defendant Western Pacific Railroad Company.

6. Plaintiffs Allain, Hill, Osborne and Woods were employed as "lounge or tavern car attendants" in the dining car service of the defendant Western Pacific Railroad Company on Trains 17 and 18, known as the "California Zephyr," from March 20, 1949 until February 2, 1951. On February 2, 1951 defendant Western Pacific Railroad Company, acting through and by its duly authorized agents and employees, removed plaintiffs Allain, Hill, Osborne and Woods from the positions they occupied as "lounge or tavern car attendants" on said Trains 17 and 18, said trains then being operated by defendant Western Pacific Railroad Company. On February 2, 1951 defendant Western Pacific Railroad Company, acting through and by its duly authorized agents and employees, assigned four Dining Car Stewards, said Dining Car Stewards represented for purposes of collective bargaining by Brotherhood of Railroad Trainmen, to duty in the lounge or tavern cars then being a part of Trains 17 and 18 and then being operated by defendant Western Pacific Railroad Company, displacing plaintiffs Allain, Hill, Osborne and Woods on the said date.

7. Said displacement of plaintiffs Allain, Hill, Osborne and Woods with Dining Car Stewards by defendant Western Pacific Railroad Company was solely by virtue of and as a result of and in pursuance to a certain Award by Third Division, National Railroad Adjustment Board, known as Award No. 5123 and Order entered pursuant thereto by said Third Division, National Railroad Adjustment Board, and the sole factors which caused defendant Western Pacific Railroad Company to displace the named plaintiffs and supplant them with Dining Car Stewards was said Award No. 5123 and Order entered pursuant thereto.

8. No notice of any hearing, hearings or proceedings before said Third Division, National Railroad Adjustment Board, which hearing, hearings or proceedings resulted in the rendition of said Award No. 5123 and Order entered pursuant thereto, was given to plaintiffs, or any of them, or to any officer, representative, or other person in any way connected with said Dining Car Cooks and Waiters' Union, Local No. 456, or said Joint Council Dining Car Employees by said Third Division, National Railroad Adjustment Board, nor any member thereof, nor by any agent or employee thereof.

9. Neither plaintiffs, nor any of them, nor any member of the class they here represent, nor any official or officials, agents or employees of said Dining Car Cooks and Waiters' Union, Local No. 456, the certified collective bargaining representative of the class and craft of employees to which plaintiffs belong and here represent, nor any official or officials, agents or employees of said Joint Council Dining Car Employees, nor any official or officials, agents or employees of Hotel and Restaurant Employees and Bartenders' International Union of North America with which said International Union said Dining Car Cooks and Waiters' Union, Local No. 456, and said Joint Council Dining Car Employees are affiliated, had actual knowledge of the hearing, hearings or proceedings of said Third Division, National Railroad

Adjustment Board which resulted in the rendition of said Award No. 5123 and the Order entered pursuant thereto. Neither plaintiffs nor any member or members of the class they here represent, nor any official, or officials, agents or employees of said Dining Car Cooks and Waiters' Union, Local No. 456, or of said Joint Council Dining Car Employees, were afforded any opportunity to be heard in any hearing, hearings or proceedings of said Third Division, National Railroad Adjustment Board which resulted in the rendition of said Award No. 5123 and Order entered pursuant thereto.

10. The claim submitted to the Third Division, National Railroad Adjustment Board by defendant Brotherhood of Railroad Trainmen, on which claim said Third Division, National Railroad Adjustment Board rendered said Award No. 5123 and the Order entered pursuant thereto, directly related to and involved the work being performed by plaintiffs Allain, Hill, Osborne and Woods as "lounge or tavern car attendants" on Trains 17 and 18 operated by defendant Western Pacific Railroad Company from the period of March 20, 1949 to February 2, 1951, and thereafter for all subsequent time material hereto, although said claim was couched in terms "for the hours accruing when No. 18, (California Zephyr), departed Oakland Mole, March 20, 1949, and upon all subsequent dates when a lounge buffet car upon which food is served is operated without a Dining Car Steward in charge * * * This claim * * * includes the operation of Train No. 17 (California Zephyr) between Salt Lake City and Oakland Mole, from the inaugural date of its operation beginning March 21, 1949 when a lounge buffet car is operated upon which food is served without a Dining Car Steward in charge and for all subsequent dates * * *."

11. Plaintiffs, by reason of their said displacement, have suffered loss of wages and loss of substantial benefits accruing to them based upon their wages as "lounge or tavern car attendants"

pursuant to the Railroad Retirement Act of 1937, as amended, 45 U.S.C.A. § 228a et seq. The existence of said Award No. 5123 and the Order entered pursuant thereto, resulting in displacement of plaintiffs, will clearly produce the result that there will be fewer jobs available in the future for plaintiffs and the members of the class they here represent in the employment of defendant Western Pacific Railroad Company.

### Conclusions of Law.

Under the foregoing Findings of Fact I conclude that:

1. The cause of action here asserted by plaintiffs is one arising out of an Act of Congress regulating commerce; and the Court has jurisdiction of the parties and subject matter of said cause under Section 1337, Title 28 U.S.Code, and venue is properly in this Court.

2. The complaint herein states a claim upon which relief can be granted to plaintiffs.

3. Plaintiffs properly and legally represent the class of persons, including themselves, who are employed as lounge or tavern car attendants, waiters-in-charge and waiters in the dining car service of defendant Western Pacific Railroad Company, and said plaintiffs fairly insure the adequate representation of all members of said class constituting more than forty in number and making it impracticable to bring them all before the Court, the right sought to be enforced herein being a common right to all members of the class and there being common questions of law and fact affecting the common right and a common relief is sought, all within the meaning of Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

4. Service of summons on Frank W. Coyle was proper and legal service of process on the Brotherhood of Railroad Trainmen and its members, and the Court has personal jurisdiction of said defendant Brotherhood of Railroad Trainmen; and, as said Brotherhood of Railroad Trainmen is a certified collective bargaining representative of the

458

class of employees known as Dining Car Stewards employed by defendant Western Pacific Railroad Company, the Court has personal jurisdiction of said class of employees. Defendant Brotherhood of Railroad Trainmen will fairly insure the adequate representation of said Dining Car Stewards and the right sought to be enforced against said Brotherhood is common to said class, there being common questions of law and fact affecting said common right and a common relief being sought, all within the meaning of Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

5. By reason of their employment by defendant Western Pacific Railroad Company the plaintiffs acquired property rights in the positions of "lounge or tavern car attendants," namely, the right to be free from unlawful interference in their employment as "lounge or tavern car attendants" by persons other than defendant Western Pacific Railroad Company, which right they will lose if the said Award No. 5123 and the Order entered pursuant thereto of the Third Division, National Railroad Adjustment Board, issued under date of November 30, 1950, is permitted to have any force and effect.

6. Plaintiffs were "employees involved" within the meaning of Section 3, First (j) of the Railway Labor Act, 45 U.S.C.A. § 153, First (j) in the dispute submitted to the Third Division, National Railroad Adjustment Board, which resulted in its said Award No. 5123 and Order entered pursuant thereto, and, as such, were entitled to due notice of all hearing, hearings or proceedings resulting in said Award No. 5123 and Order entered pursuant thereto.

7. Said Award No. 5123 and Order entered pursuant thereto was entered by the Third Division, National Railroad Adjustment Board, on November 30, 1950 without any notice to the plaintiffs or the members of the class they represent as required by Section 3, First (j) of the Railway Labor Act. The proceedings terminating in said Award and

Order entered pursuant thereto were out of their presence and they were not represented at said proceedings or given an opportunity to be heard.

8. Said Third Division, National Railroad Adjustment Board, did, in failing to give due notice of any and all hearing, hearings or proceedings resulting in said Award No. 5123 and Order entered pursuant thereto to plaintiffs, failed and neglected to accord plaintiffs due process of law in contravention of the Fifth Amendment to the Constitution of the United States, and did thereby deprive plaintiffs and the members of the class they here represent of their property rights without due process of law in contravention of the Fifth Amendment to the Constitution of the United States.

9. Plaintiffs have no adequate remedy at law and have suffered and will suffer irreparable harm and injury unless the defendants are permanently enjoined as herein ordered and decreed. The equity powers of this Court are adequate to afford the relief of a permanent injunction and should be exercised in the circumstances here revealed.

10. This cause does not involve a labor dispute within the meaning of the Norris-LaGuardia Act, 47 Stat. 70, Ch. 90, Secs. 1–15, March 23, 1932, 29 U.S.C.A. §§ 101–115, and this Court has not been deprived of jurisdiction to grant relief herein. A permanent injunction should be issued enjoining defendant Western Pacific Railroad Company from removing plaintiffs from the jobs they hold as "lounge or tavern car attendants," and which they held prior to their displacement therefrom on February 2, 1951, as a result of and in pursuance to Award No. 5123, Third Division, National Railroad Adjustment Board, and Order entered pursuant thereto, and enjoining the other defendants or any of them, their agents, employees, attorneys, confederates and other persons acting in concert with them from in any manner, directly or indirectly, preventing, interfering or obstructing defendant Western Pacific Railroad Company from obey-

ing the command of said permanent injunction.

### Findings of Fact.

(1) The claim filed by the Brotherhood of Railroad Trainmen with the National Railroad Adjustment Board on behalf of the stewards then and there working for the Western Pacific Railroad Company wherein said Brotherhood sought for said stewards the compensation then and there being paid by said railroad to its lounge and tavern car attendants, had the necessary and practical effect, if said claim were allowed, of obtaining the lounge and tavern car attendants' jobs for said stewards.

(2) When the Brotherhood of Railroad Trainmen filed its claim with the National Railroad Adjustment Board, Third Division, it made no request upon said Board that said lounge and tavern car attendants, or any of them, be notified of the pendency of said claim.

(3) Neither said lounge and tavern car attendants, nor any of them, nor the union representing their interests, ever received any formal notice from the National Railroad Adjustment Board or any one else of the pendency of said claim.

(4) Neither said lounge and tavern car attendants, nor any of them, nor the union representing their interests, ever obtained any actual knowledge of the pendency of said claim before the National Railroad Adjustment Board, Third Division, prior to the handing down of the award and order by said Board.

(5) The National Railroad Adjustment Board, Third Division, has followed a custom and practice of limiting notice to the Railroad Brotherhood that files the claim and the railroad against which the claim is filed. Notice is never given to the individuals whose employment rights may be adversely affected if the claim is granted.

(6) If plaintiffs herein, or the minority union representing them, had otherwise obtained knowledge of the pendency of said claim before the National Railroad Adjustment Board, Third Division, and, as a result thereof, had appeared before said Board and endeavored to participate in said hearing, they would not have been permitted to file a written submission, offer testimony, cross-examine witnesses, make an argument in their behalf, or otherwise participate in said hearing.

(7) In some four hundred cases since the establishment of the Board, individuals have sought to assert claims before the Board. With the exception of a few isolated cases of Division Four, involving claims of individuals where there was no organization of the particular craft or class on the property and recently in cases involving seniority disputes, no case asserted by an individual has ever been decided on the merits by the Board. The National Railroad Labor Unions pay the compensation of the labor members of the Board and they feel that the consideration of individual claims not brought through the unions may tend to undermine their position.

(8) The only finding of fact made by the Board in support of Award No. 5123 was "The agreement was violated, claim sustained."

(9) On the basis of the foregoing findings (No. 8 above), the Board issued an order November 30, 1950, directing the Western Pacific Railroad Company to make Award No. 5123 effective and stated that "If the award includes a requirement for the payment of money, to pay to the employee (or employees) the sum to which he is (or they are) entitled under the award on or before February 1, 1951."

(10) Neither the Board's findings of fact, nor its Award No. 5123, nor the order based thereon, specifies any individual to whom any money is due nor any sum of money that is said to be due to any one.

### Conclusions of Law.

(1) Plaintiffs herein were employees involved in the dispute submitted to the National Railroad Adjustment Board, Third Division, by the Brotherhood of

Railroad Trainmen, against the Western Pacific Railroad Company, and pursuant to which said Board made Award No. 5123 and the ensuing order.

(2) In failing to give plaintiffs notice of the pendency of the claim filed against the Western Pacific Railroad Company by the Brotherhood of Railroad Trainmen, said Board denied to plaintiffs their rights to notice provided for in the Railway Labor Act, 45 U.S.C.A. § 153(j), and guaranteed to each of them by the Fifth Amendment to the Constitution of the United States.

(3) The long-continued practice of the National Railroad Adjustment Board, Third Division, of denying to individuals involved in disputes before the Board their statutory and constitutional rights to participate in the hearing before the Board, constitutes a violation of rights guaranteed said individuals by the Railway Labor Act and the Fifth Amendment to the Constitution of the United States, and this is so without regard to whether or not said individuals may have received formal notice from the Board or may have otherwise acquired knowledge of said proceeding.

(4) Said Board's Award No. 5123 and the order based thereon contained nothing but a conclusion to the effect that "The agreement was violated, claim sustained; if the award includes a requirement for the payment of money, to pay to the employee (or employees) the sum to which he is (or they are) entitled under the award on or before February 1, 1951." Such vague and indefinite findings, award and order are wholly inadequate to furnish the basis for a prima facie case in this court. This court has no jurisdiction to specify the individuals or the sums of money to which they may be entitled by virtue of the claim filed with the National Railroad Adjustment Board by the Brotherhood of Railroad Trainmen.

(5) The Western Pacific Railroad Company is entitled to an award and order sufficiently definite to support a plea of res judicata in case a subsequent claim should be made on the basis of the same set of facts and in behalf of the same nine individuals specified in paragraph 4 of the cross-complaint.

(6) The Western Pacific Railroad Company has a legal right to raise the question, in opposition to the cross-complaint filed herein by the Brotherhood of Railroad Trainmen, that the National Railroad Adjustment Board's Award No. 5123 and the order made pursuant thereto are null and void because its lounge and tavern car attendants were involved in said dispute and were denied their statutory and constitutional rights to notice and an opportunity to participate in said hearing.

(7) The cross-complaint filed herein by the Brotherhood of Railroad Trainmen and against the Western Pacific Railroad Company does not state facts which are sufficient, in law, to constitute a cause of action.

(8) Defendant the Western Pacific Railroad Company's motion to dismiss the cross-complaint is hereby sustained.